HOWARD E. HUSELTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28535. Promulgated December 19, 1930.

*J. D. M. Crockett, C. P. A.,* and *John W. Rader, C. P. A.,* for the petitioner.

*A. H. Fast, Esq.,* for the respondent.

## OPINION.

LANSDON: Petitioner claims an allowance for depletion based on discovery value. Section 214 of the Revenue Act of 1921 provides in part:

(a) That in computing net income there shall be allowed as deductions:

\*     \*     \*     \*     \*     \*     \*

(10) In the case of mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case, based upon cost including cost of development not otherwise deducted: \* \* \* *Provided further,* That in the case of mines, oil and gas wells, discovered by the taxpayer, on or after March 1, 1913, and not acquired as the result of purchase of a proven tract or lease, where the fair market value of the property is materially disproportionate to the cost, the depletion allowance shall be based upon the fair market value of the property at the date of the discovery, or within thirty days thereafter. \* \* \* In the case of leases the deductions allowed by this paragraph shall be equitably apportioned between the lessor and lessee; \* \* \*

The controversy between the parties arises from different interpretations of the above provisions of the Act. The respondent has disallowed depletion based on discovery value on the ground that the fair market value at the date of discovery was not materially disproportionate to the cost. He has taken the property as a whole in comparing the cost and fair market value and has determined that cost, including development expense, approximates the fair market value of the tract as a whole. The petitioner contends that each interest should be considered separately in determining whether cost is materially disproportionate to the fair market value.

It is unnecessary for us to determine which of the above positions correctly applies the statute, for in either event the petitioner has failed to establish the facts which will entitle him to depletion based on discovery value. We do not know the cost, the development expense, or the fair market value at date of discovery. Even adopting the petitioner's theory that each interest must be considered separately, we are unable to determine whether or not cost, including cost of development, is materially disproportionate to the fair market value at date of discovery.

In his opening statement counsel for petitioner says the lease was acquired in exchange for corporate stock of a par value of $10,000, but that fact is not proven and to establish cost it would be necessary to show the value of the stock at the date of the exchange. The petitioner has established that he received twenty-two eightieths of the net oil runs, free from any of the development or operating expenses, which is one-third of the oil after deducting the lessor's royalties. He owned a one-half interest in the lease, however, and one-sixth of his oil went to reimburse the drillers for expenditures in developing the lease. The evidence does not disclose the development cost.

To establish fair market value of his interest at date of discovery or within 30 days thereafter, the petitioner produced an operator and owner of similar property in the same field, who testified that producing property near that of petitioner sold at prices ranging from $1,250 to $2,000 per barrel of settled daily production. The record does not disclose what is considered settled daily production or the amount, if any, from petitioner's property at the date of discovery or within 30 days thereafter. Neither is there any showing as to the estimated oil reserve. We know that three wells were brought in within the first 30 days, which were rated at 100, 200, and 300 barrels per day, respectively, and that from June 28, 1921, when the first well was completed, until the end of the taxable year, 9,681.77 barrels of oil were produced. If the production at date of discovery or within 30 days thereafter can be called "settled" and if petitioner had established the daily amount thereof, we might have been able to determine a fair market value as of that date. The petitioner having failed to establish cost of the lease, cost of development, amount of oil reserves, settled daily production or value at date of discovery or within 30 days thereafter, there is no evidence to support the claim for depletion based on discovery value.

*Judgment will be entered for the respondent.*